UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

MARTIN A. SCHOTT, TRUSTEE

VERSUS

FIRST PAY CREDIT, INC.

CIVIL ACTION

NO. 13-257-JJB

## RULING ON APPEAL FROM THE UNITED STATES BANKRUPTCY COURT FOR THE MIDDLE DISTRICT OF LOUISIANA JUDGE DOUGLAS D. DODD

This matter is before the Court on an appeal from the United States Bankruptcy Court for the Middle District of Louisiana filed by First Pay Credit, Inc. The issue is whether, under 11 U.S.C. § 547, seizures of wages earned during the preference period pursuant to a wage garnishment can be avoidable preferential transfers if the garnishment interrogatories were served on the employer prior to the preference period. Trustee Martin A. Schott has filed an appellee brief. Subject matter jurisdiction is based upon 28 U.S.C. § 1334. Oral argument is not necessary.

I.    Background

First Pay Credit Inc. allegedly obtained a judgment against Dameyoun Demon Mosby, and, in order to collect on the judgment, filed and served a wage garnishment on Mosby's employer on September 27, 2011.[1] Mosby filed for Chapter 7 bankruptcy on August 16, 2012. Martin A. Schott, as trustee of the bankruptcy, initiated an adversary proceeding in order to have First Pay return the money received pursuant to garnishment within the 90 days preceding the bankruptcy, because the transfers were avoidable. The Bankruptcy Court granted summary judgment in favor of the Trustee, holding that the garnishment payments made from May 18, 2012 through August 17, 2012 are preferential payments pursuant to 11 U.S.C. § 547 and are avoidable because the transfers took place within ninety days of Mosby's bankruptcy filing.

---

[1] The Trustee spells the debtor's name "Dameyoun," while First Pay spells his name "Dameyon."

1

Judge Dodd reasoned that the debtor does not acquire rights in the property being transferred, that is, the wages, until the debtor earns them, so the date the wages are earned is the date of the transfer, not the date the garnishment was served on the debtor's employer. First Pay and the Trustee later stipulated that the amount in question is $2,159.20, and the Bankruptcy Court rendered judgment in favor of the Trustee and against First Pay, awarding that amount. First Pay now appeals the judgment.

## II. Standard of Review

"The bankruptcy court's factual findings are reviewed for clear error; its legal conclusions and mixed questions of fact and law, de novo." *In re Mercer*, 246 F.3d 391, 402 (5th Cir. 2001).

## III. Analysis

First Pay asserts that 11 U.S.C. § 547(b)'s requirement that the transfers must occur on or within ninety days before the date of the filing of the petition to be avoidable has not been met. It argues the following in support. The transfer took place on September 27, 2011, the date the garnishment was served on Mosby's employer. This pre-dates the bankruptcy filing by more than ninety days. First Pay makes three arguments: (1) under Louisiana Code of Civil Procedure article 2411 and *Associated Financial Services, Inc. v. McClendon*, 367 So. 2d 91 (La. Ct. App. 1979), the seizure of the non-exempt portion of the debtor's wages occurs on the date the employer is served with the garnishment and includes both accrued and future earnings; (2) as stated by *In re Conner*, 733 F.2d 1560 (11th Cir. 1984), a transfer incudes a garnishment lien under the broad definition found in 11 U.S.C. § 101(54); and (3) under 11 U.S.C. § 547(e)(1)(B), the transfer occurred when a creditor on a simple contract cannot acquire a judicial lien that is superior to the interest of the transferee, which, under Louisiana Code of Civil Procedure article

2411(B)(1) and Louisiana Revised Statute 13:3922, occurs when garnishment is served. First Pay then argues that *In re Dunn*, 56 B.R. 275 (Bankr. M.D. La. 1985), and *Matter of Kaufman*, 187 B.R. 167 (Bankr. E.D. La. 1995), both of which held that wages garnished during the ninety-day period were preferential transfers if earned during the period, should not be relied upon. First Pay notes that most bankruptcy courts have decided that with regard to wage garnishment, the date wages are earned is the date of transfer, while most federal appellate courts have held the date of service of garnishment is the date of transfer. For the following reasons, First Pay's arguments are unsuccessful.[2]

11 U.S.C. § 547(b) provides that a "trustee may avoid any transfer of an interest of the debtor in property" if certain conditions are met. One such condition is that the transfer be made "on or within 90 days before the date of the filing of the petition." 11 U.S.C. § 547(b)(4)(A). One definition of "transfer" in the Bankruptcy Code is "each mode, direct or indirect, absolute or conditional, voluntary or involuntary, of disposing of or parting with . . . property; or an interest in property." 11 U.S.C. § 101(54). A wage garnishment constitutes a transfer because it is an involuntary mode of parting with property. Generally, a transfer is made at the time it is perfected. 11 U.S.C. § 547(e)(2)(B). A transfer of property other than real property is perfected under the Bankruptcy Code "when a creditor on a simple contract cannot acquire a judicial lien that is superior to the interest of the transferee." 11 U.S.C. § 547(e)(1)(B). However, there is an exception to the rule that a transfer is made at the time it is perfected. 11 U.S.C. 547(e)(2). "For purposes of [Section 547], a transfer is not made until the debtor has acquired rights in the property transferred." 11 U.S.C. § 547(e)(3).

---

[2] Although it is not mandatory authority, the Court agrees with the reasoning of *In re Morehead*, 249 F.3d 445 (6th Cir. 2001), as well as its conclusion. Other than *Morehead*'s analysis of Kentucky law, about which this Court has no opinion, the Court agrees with the procedure it takes and follows its steps.

3

"What constitutes a transfer and when it is complete is a matter of federal law. . . . In the absence of any controlling federal law, 'property' and 'interests in property' are creatures of state law." *Barnhill v. Johnson*, 503 U.S. 393, 397–98 (1992). The Court will therefore look to Louisiana law to determine the scope of the debtor's and creditor's interests in the garnished wages.

A creditor may seize a debtor's non-exempt wages pursuant to Louisiana's wage garnishment law. La. Rev. Stat. Ann. § 13:3921, *et seq.* A garnishment seizure takes effect "upon service on the garnishee of the petition, citation, interrogatories, and a notice of seizure." La. Code Civ. Proc. art. 2411; *Associates Financial Services, Inc. v. McClendon*, 367 So. 2d 91, 93 (La. App. 4 Cir. 1979). "In a garnishment of wages the seizure includes both accrued and future earnings." *Associates Financial Services, Inc.*, 367 So. 2d at 93. "[T]he seizing creditor, by the mere act of seizure, acquires a privilege on the property seized which entitles him to a preference over ordinary creditors." *Id.* The seizure therefore perfects the creditor's claim to the wages over ordinary creditors. Service of garnishment, as a privilege, acts as recognition of the creditor's rights in the wages to be garnished, but it does not grant the debtor or the creditor an ownership interest in future earnings. La. Civ. Code art. 3186.

"A transfer is not made until the debtor has acquired rights in the property transferred," irrespective of when perfection occurs. 11 U.S.C. 547(e)(2), (3). "In the wage garnishment context, this cannot logically occur until the debtor performs the services that entitle her to receive the wages that are subject to garnishment. *Morehead*, 249 F.3d at 448. Accordingly, the wages garnished from Mosby's employer on or within the ninety days of the filing of his bankruptcy petition were not transferred until the time Mosby performed the services that entitled him to the wages, which occurred within the ninety day period. Since this satisfies

4

Section 547(b)(4)(A), all of the Section 547(b) requirements are met, and the garnishment of Mosby's wages earned during the ninety-day period prior to the filing of his bankruptcy petition constitutes a voidable preference under Section 547.

This holding is consistent with the holdings of the Sixth Circuit in *Morehead*, 249 F.3d at 448, the bankruptcy court in this district in this case and others, and by numerous other bankruptcy courts. *In re White*, 258 B.R. 129, 134 (Bankr. D. N.J. 2001); *In re Chavez*, 257 B.R. 341, 244 (Bankr. D. N.M. 2001); *In re Johnson*, 239 B.R. 416, 418 (Bankr. M.D. Ala. 1999); *Kaufman*, 187 B.R. at 172–73; *In re Taylor*, 151 B.R. 772, 779 (Bankr. N.D. Miss. 1993); *In re Castleton*, 84 B.R. 743, 744 (Bankr. D. Colo. 1988); *In re Holdway*, 83 B.R. 510, 514 (Bankr. E.D. Tenn. 1988); *In re Krumpe*, 60 B.R. 575, 578–79 (Bankr. D. Md. 1986); *Dunn*, 56 B.R. at. 279; *Matter of Roberts*, 44 B.R. 752, 754 (Bankr. N.D. Ga. 1984); *In re Tabita*, 38 B.R. 511, 515 (Bankr. E.D. Pa. 1984).

While First Pay is correct that some appellate courts have found otherwise, those rulings are incorrect. *In re Riddervold*, 647 F.2d 342 (2d Cir. 1981) and *In re Conner*, 733 F.2d 1560 (11th Cir. 1984), both failed to address or apply Section 547(e)(3). *Matter of Coppie*, 728 F.2d 951, 952 (7th Cir. 1984), held that wage garnishments act as a continuing lien on a percentage of the debtor's income, in effect, acting as a novation on the percentage of the debtor's salary. Under this theory, after the garnishment is issued, the debtors are no longer entitled to the designated percentage of their future salaries. *Id. Coppie* found Section 547(e)(3) inapplicable, "because after a garnishment order providing for a continuing lien is entered in Indiana, a debtor will never acquire rights in the portion of his or her wages to be garnished in the future." *Id. Coppie*'s holdings directly contradict the plain language of Section 547(e)(3), which requires that the debtor acquire rights in the property transferred before a transfer is made.

5

IV.     Conclusion

Accordingly, the Bankruptcy Court's ruling and subsequent judgment, holding that the garnishment payments made from May 18, 2012 through August 17, 2012 are preferential payments pursuant to 11 U.S.C. § 547 and are avoidable because the transfers took place within ninety days of Mosby's bankruptcy filing, is hereby **AFFIRMED**.

Signed in Baton Rouge, Louisiana, on August 12, 2013.

JAMES J. BRADY, DISTRICT JUDGE